# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-1924
_____

United States of America,

   Appellee,

v.

Michael Wayne Erp,

   Appellant.

_____

No. 96-2022
_____

United States of America,

   Appellee,

v.

Robert Stone,

   Appellant.

     Appeals from the United States
     District Court for the
     Western District of Arkansas.

     **[UNPUBLISHED]**

_____

Submitted:  March 6, 1997

Filed:  March 10, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Michael Erp and Robert Stone entered conditional guilty pleas to aiding and abetting each other in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18

U.S.C. § 2. They now challenge the district court's[1] denial of their motion to suppress evidence seized from Stone's barn at the time of their arrest. We affirm.

A person claiming to have suffered an unlawful invasion in violation of the Fourth Amendment must establish a legitimate expectation of privacy in the object searched or seized. See United States v. Stallings, 28 F.3d 58, 60 (8th Cir. 1994). We must consider whether the person has asserted a subjective expectation of privacy, and whether that subjective expectation is objectively reasonable. See id.

We conclude Erp lacked standing to challenge the search and seizure, as he presented no evidence below showing that he lived on the Stone property or was a guest in the home at the time of the search. Cf. Minnesota v. Olson, 495 U.S. 91, 95-100 (1990) (holding overnight guest had legitimate expectation of privacy in host's home).

As to Stone, we conclude the district court did not clearly err in finding that the barn was outside the curtilage of Stone's home. See United States v. Swepston, 987 F.2d 1510, 1513 (10th Cir. 1993) (what comprises curtilage is question of fact); see also United States v. Dunn, 480 U.S. 294, 301 (1987) (defining curtilage). The barn was 500 feet from Stone's house, was not included within the fenced yard around his home, was not being used for "intimate activities of the home," and was not separately fenced to prevent observation. Cf. Dunn, 480 U.S. at 302-03 (barn lay outside curtilage of ranch house where barn was 60 yards from

---

The HONORABLE JIMM LARRY HENDREN, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the HONORABLE BEVERLY R. STITES, United States Magistrate Judge for the Western District of Arkansas.

house, did not lie within area surrounding house that was enclosed by fence, and was not being used for intimate activities of home,

and various interior fences were designed to corral livestock, not to prevent persons from observing what lay inside enclosed area). We further agree with the district court that--given the ease of visibility and access into the barn--Stone possessed no legitimate expectation of privacy in this structure outside the curtilage. See Wabun-Inini v. Sessions, 900 F.2d 1234, 1242 (8th Cir. 1990).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.